# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                      Docket Nos.  122-7-04 Vtec
                                                               210-9-08 Vtec
                                                               136-8-10 Vtec

| Lathrop Limited Partnership Coordinated Cases |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend/Alter Amended Judgment
Filer:          Russell/Mary Ann Rueger, et al.
Attorney:       James Allan Dumont
Filed Date:     February 19, 2014

Response in opposition filed on 03/10/2014 by Attorney Mark G. Hall for Appellee Lathrop
Limited Partnership

**The motion is DENIED.**

A group of Neighbors, Russell Rueger et al., ("Neighbors") ask the Court to alter or amend our amended final merits decision related to the coordinated municipal and Act 250 permit applications of Lathrop Limited Partnership ("Lathrop").  The Court amended its October 18, 2013 final merits decision on February 11, 2014 in response to the Town of Bristol's motion to alter or amend.  Neighbors assert that we must again alter our decision to rectify what they argue is a manifest error of law that requires the Court to reverse our approval of Lathrop's Act 250 and municipal permit applications.  See In re UVM Certificate of Appropriateness, No. 90-7-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Mar. 19, 2013) (Walsh, J.) (recognizing correction of manifest errors of law or fact as a principal reason for granting a Rule 59(e) motion to alter or amend a final judgment).  For the reasons explained below, we decline to amend our decision and judgment order further and therefore **DENY** Neighbors' additional motion.

The Court's February 11 decision changed a condition of the permit approval.  The original condition required that Lathrop, at the conclusion of its extraction project (estimated to last thirty or more years), remove a resulting earthen berm along the border of its project and South Street as part of its reclamation plan.  The Court recognized that imposing a condition now that the berm be removed at that distant time was in error because we are not now in the best position to determine that berm removal is appropriate and because such removal was not required in order for the Court to approve Lathrop's applications.  In re Lathrop Ltd. P'ship, Nos.

122-7-04 and 210-9-08 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Feb. 11, 2014) (Durkin, J.).[1] We reasoned that instead, the Town, Lathrop, and all interested parties should consider at the conclusion of Lathrop's extraction whether the berm should then be removed.

Neighbors now argue that the Court's positive findings under Act 250 Criterion 9(E) were specifically dependent on berm removal and that absent this condition, Lathrop's project does not comply with Criterion 9(E). Neighbors are mistaken in this regard.

Criterion 9(E) requires that a permit only be granted for extraction of mineral and earth resources upon approval of "a site rehabilitation plan which insures that upon completion of the extracting or processing operation the site will be left by the applicant in a condition suited for an approved alternative use or development." 10 V.S.A. § 6086(a)(9)(E). In our original October 18, 2013 merits decision the Court recognized that the berm removal would "improve the aesthetics and usability of the site, and [would] allow the reclaimed project site to be more aligned with the lay of adjoining lands" and that "[a] final site that has a larger area open to South Street would provide a more appealing and accommodating context for the finished site, particularly for reclamation." In re Lathrop Ltd. P'ship, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 28, 58 (Vt. Super. Ct. Envtl. Div. Oct. 18, 2013) (Durkin, J.). The Court also recognized the following:

> Once the site is fully reclaimed, all disturbed areas will have been re-graded, covered with top soil, seeded, and mulched. Some areas will have had many years to reestablish the natural growth of trees, bushes, and ground cover. The earthen berms that Lathrop proposes to establish on its northern border during the initial phases will have had decades for the nearly two hundred trees to establish and grow on top of these berms. These components of Lathrop's mitigation and reclamation plans will allow the project site to return to a natural setting. The leveling of the project site to an elevation similar to that of the lands where South Street adjoins the property's northern border will help accommodate future development.

Id. at 58. Although, as mentioned in our February 11, 2014 decision, the Court did specifically condition approval on removal of the South Street berm, we have since concluded that imposing such a condition was in error and that Lathrop need not be required to remove the berm in order to comply with all applicable regulations. Instead, we directed that Lathrop must apply to either remove the berm or to be relieved from any obligation to do so upon completion of the project. Thus, whichever option provides the most effective reclamation of

---

[1] In their latest motion, Neighbors assert that the Court's determination that Lathrop's proposed extraction activities would not constitute a pit and therefore would be in conformance with Bylaws § 341(1) was dependent upon the court-imposed condition that Lathrop remove a portion of the northern berm. This assertion is inaccurate. The Court concluded that the "excavated area, both during the project's lifetime and upon its reclamation, will not result in [steep slopes]. Once the project is complete, the project area will rise one foot of height for every ten feet across. This project will result in a land formation that resembles a shallow saucer, as asserted by Lathrop" and not a "pit," as defined by the Bylaws. In re Lathrop Ltd. P'ship, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 64.

the property will be determined at that time, based on the then-existing circumstances, options for reclamation, the municipal and State regulations then in effect, and the surrounding uses.

The berm removal condition was not necessary for the Court considering conformance with Criterion 9(E) and was therefore made in error. In hindsight, by considering Lathrop's berm removal proposal under Criterion 9(E), the Court imposed an aesthetic component where none exists in the applicable statute. See 10 V.S.A. § 6086(a)(9)(E).

In our original merits decision, we recognized the benefits of the progressive reclamation plans and noted that these plans would leave the site in a natural setting suitable for development. That determination provided a sufficient foundation for our legal conclusion that the project as proposed conformed to Criterion 9(E). Furthermore, in our February 11 decision, granting the Town's request for amendment, we did not simply remove the berm condition all together, but amended it to provide for future determination of how and to what extent the berm should be removed in compliance with all applicable regulations, or for relief from the obligation to do so.

To the extent it was not clear in our February 11, 2014 decision, we specifically state here that, with the amended condition in place, Lathrop's applications comply with all State and local regulations considered in our October 18, 2013 merits decision. Because the amendment of the condition did not change our legal determinations with regard to Criterion 9(E) and § 341(1) of the Town of Bristol Zoning Bylaws and Regulations, we find no error of law or fact in our amended decision that would require further alteration or amendment. For these reasons, the Neighbors' motion to alter or amend is **DENIED**.

Electronically signed on April 17, 2014 at 01:58 PM pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
James Allan Dumont (ERN 1948), Attorney for Appellants Russell/Mary Ann Rueger
James Allan Dumont (ERN 1948), Attorney for Appellant Jill Mackler
James Allan Dumont (ERN 1948), Attorney for Appellant John Pandiani
James Allan Dumont (ERN 1948), Attorney for Appellant Naoimi Swier
James Allan Dumont (ERN 1948), Attorney for Appellant Randall Freeman
James Allan Dumont (ERN 1948), Attorney for Appellant John Moyers
Andrew M. Jackson (ERN 5580), Attorney for Appellants Andrew Jackson
Andrew M. Jackson (ERN 5580), Attorney for Appellant Carolyn Dundon
Andrew M. Jackson (ERN 5580), Attorney for Appellant David Durgin
Andrew M. Jackson (ERN 5580), Attorney for Appellant Pam Fogg
Andrew M. Jackson (ERN 5580), Attorney for Appellant Rhineholdt Lange
Andrew M. Jackson (ERN 5580), Attorney for Appellant Kendra & Tim Gratton
Andrew M. Jackson (ERN 5580), Attorney for Appellant Kevin Harper

Andrew M. Jackson (ERN 5580), Attorney for Appellant Peter Myer
Andrew M. Jackson (ERN 5580), Attorney for Appellant Katie Raycroft
Andrew M. Jackson (ERN 5580), Attorney for Appellant Eric Neal
Andrew M. Jackson (ERN 5580), Attorney for Appellant Slim Pickins
Andrew M. Jackson (ERN 5580), Attorney for Appellant Paul Ralston
Joseph S. McLean (ERN 2100), Attorney for Interested Person Town of Bristol
Mark G. Hall (ERN 2537), Attorney for Appellee Lathrop Limited Partnership
Appellant David & Susan Folino
James W. Runcie (ERN 2173), Attorney for For Informational Purposes Only Donald Morris and
James W. Runcie (ERN 2173), Attorney for For Informational Purposes Only May Morris
William A. Nelson (ERN 4316), Attorney for party 1 Co-counsel